Daniel G. Schum, Esq. Informal Opinion Town Attorney No. 95-22 Town of Ogden 269 Ogden Center Road Spencerport, N Y 14559-2024
Dear Mr. Schum:
You have indicated that a member of the town planning board has been interviewed and found acceptable for full time employment as a town employee. The duties of the employment position are to provide computer services to the town. The town planning board has responsibility for development of the master plan, forming the basis for development in a town (Town Law § 272-a); if authorized by the town board, it advises other town departments and officers prior to the taking of action (id., § 274) and may be given the responsibility to approve site plans (id., § 274-a) and subdivision plans (id., § 276). You have asked whether there are any Attorney General opinions finding that a full time employee of a town is precluded from also being a member of the town planning board.
I have found no such opinion. Findings of incompatibility, precluding a person from holding two positions, are based on a review of the specific powers and duties of the two positions. Op Atty Gen (Inf) No. 92-35. One position may not be subordinate to the other; that is, you cannot be your own boss. Id. Additionally, two positions are incompatible if there is a conflict between the duties of the positions. Id. The specific employment position you have described and the planning board position would not appear to fall within either of these categories. Additionally, the planning board meets during the evening, thus creating no time conflict for the employee.
You have indicated also that the town board has proposed an amendment to its code to provide that no full time employee of the town nor any member of the town board can be a member or chairperson of either the zoning board of appeals or the town planning board. First, we note that State law already prohibits town board members from serving on the town planning board or the town zoning board of appeals. Id., §§ 267(3), 271(3). In a prior opinion of this office, we found that a local government is authorized to enact a local law prohibiting the dual holding of various local positions. Op Atty Gen (Inf) No. 91-1. We reasoned that such a local law is authorized under a municipality's authority to adopt and amend local laws not inconsistent with the Constitution or any general law, in relation to its property, affairs or government; and in relation to the powers, duties and qualifications of its officers and employees. Municipal Home Rule Law § 10
(1)(i) and (1)(ii)(a)(1). We also stated that the presumed basis for the local law is a finding by the municipality that such dual office holding would be incompatible or not in the public interest. Thus, prior to enacting such a broad prohibition, we suggest that the town board consider the public interest to be served by the legislation.
We conclude that there is no incompatibility between serving on the planning board and holding a position of employment providing computer services in the town. While a town might enact a local law prohibiting the simultaneous holding of various positions, a finding should first be made that the enactment will be in the public interest.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions